1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| VIRGINIA MASTROIANNI, Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW PENN FINANCIAL, LLC, a Delaware Limited Liability Company Doing Business as SHELLPOINT MORTGAGE SERVICING; DOES 1 Through 10, Inclusive,<br><br>Defendants. | Case No. 2:15-cv-09108-PA-FFM<br><br><br>**PROTECTIVE ORDER GOVERNING CONFIDENTIAL TREATMENT OF CERTAIN DISCOVERY** |

**ORDER**

For good cause shown, upon the stipulated request of Plaintiff Virginia Mastroianni ("Plaintiff") and New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Defendant"), the Court enters the following order:

**I.    TERMS OF CONFIDENTIALITY**

**A.    DEFINITIONS**

1.    **Action**: the above-captioned lawsuit entitled *Mastroianni v. New Penn Financial, et al., Case No.* 2:15-CV-09108-PA-FFM.

2. **Challenging Party**:  a Party or Non-Party that challenges the designation of information or items under this Order.

3. **"CONFIDENTIAL" Information or Items**:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

4. **Counsel**:  Outside Counsel of Record and House Counsel (as well as their support staff).

5. **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

6. **Disclosure or Discovery Material**:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

7. **Expert**:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

8. **House Counsel**:  attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

9. **Non-Party**:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

10. **Outside Counsel of Record**:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

/ / /

/ / /

1      11.    **Party**:  any party to this Action, including all of its officers,

2  directors, employees, consultants, retained experts, and Outside Counsel of Record

3  (and their support staffs).

4      12.    **Producing Party**:  a Party or Non-Party that produces

5  Disclosure or Discovery Material in this Action.

6      13.    **Professional Vendors**:  persons or entities that provide litigation

7  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

8  demonstrations, and organizing, storing, or retrieving data in any form or medium)

9  and their employees and subcontractors.

10      14.    **Protected Material**:  any Disclosure or Discovery Material that

11  is designated as "CONFIDENTIAL."

12      15.    **Receiving Party**:  a Party that receives Disclosure or Discovery

13  Material from a Producing Party.

14    **B.    SCOPE**

15    The protections conferred by this Stipulation and Order cover not only

16  Protected Material (as defined above), but also (1) any information copied or

17  extracted from Protected Material; (2) all copies, excerpts, summaries, or

18  compilations of Protected Material; and (3) any testimony, conversations, or

19  presentations by Parties or their Counsel that might reveal Protected Material.

20    Any use of Protected Material at trial shall be governed by the orders of the

21  trial judge.  This Order does not govern the use of Protected Material at trial.

22    **C.    DURATION**

23    Once a case proceeds to trial, information that was designated as

24  CONFIDENTIAL or maintained pursuant to this protective order used or introduced

25  as an exhibit at trial becomes public and will be presumptively available to all

26  members of the public, including the press, unless compelling reasons supported by

27  specific factual findings to proceed otherwise are made to the trial judge in advance

28  of the trial.  *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180-81 (9th

1  Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in

2  discovery from "compelling reasons" standard when merits-related documents are

3  part of court record).  Accordingly, the terms of this protective order do not extend

4  beyond the commencement of the trial, with two exceptions:

5        1.    Any information designated as CONFIDENTIAL that is not used

6  or introduced as an exhibit at trial shall remain protected under this Order and be

7  subject to final disposition as set forth under Section I.L.

8        2.    Should resolution be reached prior to a trial, the terms of the

9  protective order extend up to final disposition of the Action.

10      **D.**    **DESIGNATING PROTECTED MATERIAL**

11      1.    **Exercise of Restraint and Care in Designating Material for**

12  **Protection**.  Each Party or Non-Party that designates information or items for

13  protection under this Order must take care to limit any such designation to specific

14  material that qualifies under the appropriate standards.  The Designating Party must

15  designate for protection only those parts of material, documents, items or oral or

16  written communications that qualify so that other portions of the material,

17  documents, items or communications for which protection is not warranted are not

18  swept unjustifiably within the ambit of this Order.

19      Mass, indiscriminate or routinized designations are prohibited.  Designations

20  that are shown to be clearly unjustified or that have been made for an improper

21  purpose (e.g., to unnecessarily encumber the case development process or to impose

22  unnecessary expenses and burdens on other parties) may expose the Designating

23  Party to sanctions.

24      If it comes to a Designating Party's attention that information or items that it

25  designated for protection do not qualify for protection, and the Designating Party

26  agrees or the Court orders otherwise, that Designating Party must promptly notify

27  all other Parties that it is withdrawing the inapplicable designation.

28  / / /

2.      **Manner and Timing of Designations**.  Except as otherwise provided in this Order (see, e.g., Section I.D.2(a)(1), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

a.      for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) to the extent possible.

1)      A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.      for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony. In the alternative, the Designating Party may designate the entirety of the testimony given at the deposition, as well as

5
Case No. 2:15-cv-09108-PA-FFM
PROTECTIVE ORDER

1   exhibits, as "CONFIDENTIAL" prior to conclusion of the deposition with the right

2   to identify more specific portions of the testimony as to which protection is sought

3   within 30 days following receipt of the deposition transcript. Where portions of the

4   testimony are designated for protection, the transcript pages containing Disclosure

5   or Discovery Material may be separately bound by the court reporter with the legend

6   "CONFIDENTIAL" at the top of each such page.

7              c.      for information produced in some form other than

8   documentary and for any other tangible items, that the Producing Party affix in a

9   prominent place on the exterior of the container or containers in which the

10  information is stored the legend "CONFIDENTIAL."  If only a portion or portions

11  of the information warrants protection, the Producing Party, to the extent

12  practicable, shall identify the protected portion(s).

13          3.      **Inadvertent Failures to Designate**.  If timely corrected, an

14  inadvertent failure to designate qualified information or items does not, standing

15  alone, waive the Designating Party's right to secure protection under this Order for

16  such material.  Upon timely correction of a designation, the Receiving Party must

17  make reasonable efforts to assure that the material is treated in accordance with the

18  provisions of this Order.

19      **E.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

20          1.      **Timing of Challenges**.  Any Party or Non-Party may challenge a

21  designation of confidentiality at any time that is consistent with the Court's

22  Scheduling Order.

23          2.      **Meet and Confer**.  The Challenging Party shall initiate the

24  dispute resolution process under Local Rule 37.1 *et seq*.

25          3.      The burden of persuasion in any such challenge proceeding shall

26  be on the Designating Party.  Frivolous challenges, and those made for an improper

27  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

28  parties) may expose the Challenging Party to sanctions.  Unless the Designating

1  Party has waived or withdrawn the confidentiality designation, all parties shall

2  continue to afford the material in question the level of protection to which it is

3  entitled under the Producing Party's designation until the Court rules on the

4  challenge.

5        **F.     ACCESS TO AND USE OF PROTECTED MATERIAL**

6        1.     **Basic Principles**.  A Receiving Party may use Protected Material

7  that is disclosed or produced by another Party or by a Non-Party in connection with

8  this Action only for prosecuting, defending or attempting to settle this Action.

9        a.     Such Protected Material may be disclosed only to the

10  categories of persons and under the conditions described in this Order.

11        b.     When the Action has been terminated, a Receiving Party

12  must comply with the provisions of Section I.L below (FINAL DISPOSITION).

13        c.     Protected Material must be stored and maintained by a

14  Receiving Party at a location and in a secure manner that ensures that access is

15  limited to the persons authorized under this Order.

16        2.     **Disclosure of "CONFIDENTIAL" Information or Items**.

17  Unless otherwise ordered by the court or permitted in writing by the Designating

18  Party, a Receiving Party may disclose any information or item designated

19  "CONFIDENTIAL" only to:

20        a.     the Receiving Party's Outside Counsel of Record in this

21  Action, as well as employees of said Outside Counsel of Record to whom it is

22  reasonably necessary to disclose the information for this Action;

23        b.     the officers, directors, and employees (including House

24  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

25  Action;

26        c.     Experts (as defined in this Order) of any Party to whom

27  disclosure is reasonably necessary for this Action and who have signed the

28  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1          d.      the court and its personnel;

2          e.      court reporters and their staff;

3          f.      professional jury or trial consultants, mock jurors, and

4    Professional Vendors to whom disclosure is reasonably necessary for this Action

5    and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

6    A);

7          g.      the author or recipient of a document containing the

8    information or a custodian or other person who otherwise possessed or knew the

9    information;

10          h.      during their depositions, witnesses, and attorneys for

11    witnesses, in the Action to whom disclosure is reasonably necessary provided: (1)

12    the deposing party requests that the witness sign the form attached as Exhibit 1

13    hereto; and (2) they will not be permitted to keep any confidential information

14    unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

15    unless otherwise agreed by the Designating Party or ordered by the court.  Pages of

16    transcribed deposition testimony or exhibits to depositions that reveal Protected

17    Material may be separately bound by the court reporter and may not be disclosed to

18    anyone except as permitted under this Stipulated Protective Order; and

19          i.      any mediator or settlement officer, and their supporting

20    personnel, mutually agreed upon by any of the parties engaged in settlement

21    discussions.

22    **G.    PROTECTED MATERIAL SUBPOENAED OR ORDERED
       PRODUCED IN OTHER LITIGATION**

23

24    1.      If a Party is served with a subpoena or a court order issued in

25    other litigation that compels disclosure of any information or items designated in

26    this Action as "CONFIDENTIAL," that Party must:

27          a.      promptly notify in writing the Designating Party.  Such

28    notification shall include a copy of the subpoena or court order;

1          b.      promptly notify in writing the party who caused the

2    subpoena or order to issue in the other litigation that some or all of the material

3    covered by the subpoena or order is subject to this Protective Order.  Such

4    notification shall include a copy of this Stipulated Protective Order; and

5          c.      cooperate with respect to all reasonable procedures sought

6    to be pursued by the Designating Party whose Protected Material may be affected.

7          2.      If the Designating Party timely seeks a protective order, the Party

8    served with the subpoena or court order shall not produce any information

9    designated in this action as "CONFIDENTIAL" before a determination by the court

10   from which the subpoena or order issued, unless the Party has obtained the

11   Designating Party's permission.  The Designating Party shall bear the burden and

12   expense of seeking protection in that court of its confidential material and nothing in

13   these provisions should be construed as authorizing or encouraging a Receiving

14   Party in this Action to disobey a lawful directive from another court.

**H.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

15

16         1.      The terms of this Order are applicable to information produced

17   by a Non-Party in this Action and designated as "CONFIDENTIAL." Such

18   information produced by Non-Parties in connection with this litigation is protected

19   by the remedies and relief provided by this Order.  Nothing in these provisions

20   should be construed as prohibiting a Non-Party from seeking additional protections.

21         2.      In the event that a Party is required, by a valid discovery request,

22   to produce a Non-Party's confidential information in its possession, and the Party is

23   subject to an agreement with the Non-Party not to produce the Non-Party's

24   confidential information, then the Party shall:

25         a.      promptly notify in writing the Requesting Party and the

26   Non-Party that some or all of the information requested is subject to a

27   confidentiality agreement with a Non-Party;

28

1                  b.      promptly provide the Non-Party with a copy of the

2 Stipulated Protective Order in this Action, the relevant discovery request(s), and a

3 reasonably specific description of the information requested; <u>and</u>

4                  c.      make the information requested available for inspection by

5 the Non-Party, if requested.

6              3.      If the Non-Party fails to seek a protective order from this court

7 within 14 days of receiving the notice and accompanying information, the Receiving

8 Party may produce the Non-Party's confidential information responsive to the

9 discovery request.  If the Non-Party timely seeks a protective order, the Receiving

10 Party shall not produce any information in its possession or control that is subject to

11 the confidentiality agreement with the Non-Party before a determination by the

12 court.  Absent a court order to the contrary, the Non-Party shall bear the burden and

13 expense of seeking protection in this court of its Protected Material.

14 **I.       UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

15

16       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

17 Protected Material to any person or in any circumstance not authorized under this

18 Stipulated Protective Order, the Receiving Party must immediately (a) notify in

19 writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

20 to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

21 persons to whom unauthorized disclosures were made of all the terms of this Order,

22 and (d) request such person or persons to execute the "Acknowledgment and

23 Agreement to Be Bound" that is attached hereto as Exhibit A.

24 **J.       INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

25       When a Producing Party gives notice to Receiving Parties that certain

26 inadvertently produced material is subject to a claim of privilege or other protection,

27 the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

28 Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

1  procedure may be established in an e-discovery order that provides for production

2  without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

3  (e), insofar as the parties reach an agreement on the effect of disclosure of a

4  communication or information covered by the attorney-client privilege or work

5  product protection, the parties may incorporate their agreement in the stipulated

6  protective order submitted to the court.

7  **K.    MISCELLANEOUS**

8      1.    **Right to Further Relief**.  Nothing in this Order abridges the

9  right of any person to seek its modification by the Court in the future.

10     2.    **Right to Assert Other Objections**.  By stipulating to the entry

11 of this Protective Order, no Party waives any right it otherwise would have to object

12 to disclosing or producing any information or item on any ground.  Similarly, no

13 Party waives any right to object on any ground to use in evidence of any of the

14 material covered by this Protective Order.

15     3.    **Filing Protected Material**.  A Party that seeks to file under seal

16 any Protected Material must comply with Local Civil Rule 79-5.  Protected Material

17 may only be filed under seal pursuant to a court order authorizing the sealing of the

18 specific Protected Material at issue.  If a Party's request to file Protected Material

19 under seal is denied by the court, then the Receiving Party may file the information

20 in the public record unless otherwise instructed by the court.

21 **L.    FINAL DISPOSITION**

22     After the final disposition of this Action, as defined in Section I.C, within 60

23 days of a written request by the Designating Party, each Receiving Party must return

24 all Protected Material to the Producing Party or destroy such material.  As used in

25 this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

26 summaries, and any other format reproducing or capturing any of the Protected

27 Material.  Whether the Protected Material is returned or destroyed, the Receiving

28 Party must submit a written certification to the Producing Party (and, if not the same

1   person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

2   (by category, where appropriate) all the Protected Material that was returned or

3   destroyed and (2) affirms that the Receiving Party has not retained any copies,

4   abstracts, compilations, summaries or any other format reproducing or capturing any

5   of the Protected Material. Notwithstanding this provision, Counsel are entitled to

6   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

7   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

8   reports, attorney work product, and consultant and expert work product, even if such

9   materials contain Protected Material.  Any such archival copies that contain or

10  constitute Protected Material remain subject to this Protective Order as set forth in

11  Section I.C (DURATION).

12  **M.    VIOLATION**

13      Any violation of this Order may be punished by appropriate measures

14  including, without limitation, contempt proceedings and/or monetary sanctions.

15

16  **IT IS SO ORDERED.**

17
   March 16, 2016                           /s/ Frederick F. Mumm

18                                    FREDERICK F. MUMM
                               United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

under the laws of the United States that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California on [date] in the case of *Mastroianni v. New Penn*

*Financial, et al., Case No.* 2:15-CV-09108-PA-FFM. I agree to comply with and to

be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print or

type full name] of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____